

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 15094308
Date Processed: 04/29/2016

| | |
|---|---|
| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| Entity: | Safeco Insurance Company Of Indiana<br>Entity ID Number 2780991 |
| Entity Served: | Safeco Insurance Company of Indiana |
| Title of Action: | Richard Braden vs. Safeco Insurance Company of Indiana |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 201621807 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 04/29/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Bryant Fitts<br>713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



CAUSE NO. 201621807

| | | |
|---|---|---|
| | RECEIPT NO. ********** | 0.00   ATY TR # 73236723 |
| PLAINTIFF: BRADEN, RICHARD vs. DEFENDANT: SAFECO INSURANCE COMPANY OF INDIANA | | In The 234th Judicial District Court of Harris County, Texas 234TH DISTRICT COURT Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: SAFECO INSURANCE COMPANY OF INDIANA BY SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620   AUSTIN TX 787013218

    Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION AND INITIAL WRITTEN DISCOVERY REQUESTS**

This instrument was filed on the 6th day of April, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of April, 2016, under my hand and seal of said Court.

Issued at request of:
FITTS, BRYANT ALLEN
2700 POST OAK BLVD. SUITE 1120
HOUSTON, TX 77056
Tel: (713) 871-1670
Bar No.: 24040904

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
GENERATED BY: CARRILLO, CARLA ELIZ   9YN//10352292

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ___ day of _____,

_____, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

_____ of _____ County, Texas

By _____
                Deputy

_____
        Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
        Notary Public

N.INT.CITR.P

4/6/2016 10:42:40 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9974074
By: Monica Ovalle
Filed: 4/6/2016 10:42:40 AM

NO. _____

| | | |
|---|---|---|
| RICHARD BRADEN AND POLLY BRADEN § | | IN THE DISTRICT COURT |
| Plaintiffs, § | | |
| § | | |
| V. § | | _____ JUDICIAL DISTRICT |
| § | | |
| SAFECO INSURANCE COMPANY OF § | | |
| INDIANA and SCOTT DAVID NARRELL § | | |
| § | | |
| Defendants. § | | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs, Richard Braden and Polly Braden, file this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Safeco Insurance Company of Indiana and Scott David Narrell and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2. Richard Braden and Polly Braden ("Plaintiffs") reside in Harris County, Texas.

3. Defendant Safeco Insurance Company of Indiana ("SAFECO") is an insurance company doing business in Texas, and it may be served with process through its Registered Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218.

4. Defendant, Scott David Narrell ("Narrell"), is an individual who assisted with adjusting the claim at issue and has designated his home state to be Texas, according to the Texas Department of Insurance. This Defendant may be served with process at 4313 W 25th Place Joplin, MO 64804 or wherever he may be found.

PLAINTIFF'S ORIGINAL PETITION AND
INITIAL WRITTEN DISCOVERY REQUESTS

PAGE 1

## III.
## JURISDICTION & VENUE

5.  This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.  Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages, it is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief between $100,000.00 and $200,000.00.

7.  Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas and/or the contract was signed in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

8.  Plaintiffs are named insureds under a property insurance policy (the "Policy") issued by SAFECO. The Policy insures, among other things, against losses from wind damage to Plaintiff's property, namely, the real property and improvements located at 17314 Longs Peek Ct. Tomball, TX 77377 (the "Property").

9. On or about April 19, 2014, during the policy period, a storm caused covered damage to the Subject Property. Specifically, the storm and hail damaged Plaintiffs' roof, windows, gutters and AC coils.

10. Shortly after the storm, plaintiffs noticed damage to their home. They contacted SAFECO by telephone to notify SAFECO of the damage.

11. Plaintiffs submitted a claim to SAFECO against the Policy for all roof damage, structural damage and wind damage the Property sustained as a result of the storm.

12. Plaintiffs asked SAFECO to honor its contractual obligations and cover the cost of repairs to Plaintiffs' home.

13. SAFECO assigned Defendant Narrell to adjust the Claim. Defendants SAFECO and Narrell conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation, no more than thirty minutes.

14. Despite obvious visible hail damage caused by the storm, Narrell, on his own behalf and on behalf of SAFECO, verbally misrepresented to the Plaintiffs at the time of the inspection that there was no damage from hail and that the damages were solely due to defective shingles. Narrell then misrepresented, again on his own behalf and on behalf of SAFECO in a letter to Plaintiffs dated May 12, 2015 that Plaintiffs' home had sustained no damage from hail.

15. Together, Defendants SAFECO and Narrell set out to deny properly covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

16. Defendant SAFECO failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery upon

the Policy have been performed by Plaintiffs. SAFECO's conduct constitutes a breach of the insurance contract between SAFECO and Plaintiffs.

17. Even though Plaintiffs' home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiffs that the Policy did provide coverage for some of the damage, thus falsely claiming Plaintiffs' home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendants failed to make an attempt to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendants refused to adequately compensate Plaintiffs under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20. Defendants failed to provide Plaintiffs with a reasonable explanation for the denial of their claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant SAFECO failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22. Defendant SAFECO failed to accept Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant SAFECO has delayed payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received any payment for their claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24. Since the time Plaintiffs' claim was presented to Defendant SAFECO, the liability of SAFECO to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, SAFECO has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of SAFECO's duty of good faith and fair dealing.

25. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiffs.

26. To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy. Plaintiffs have suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.   Breach of Contract (Against SAFECO)**

27. Defendant SAFECO had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract. SAFECO breached the terms of that contract by wrongfully denying the claim and Plaintiffs were damaged thereby.

28. Defendant SAFECO is therefore liable to Plaintiffs for breach of contract.

**B.  Prompt Payment of Claims Statute (Against SAFECO)**

29. The Claim is a claim under an insurance policy with Defendant SAFECO, of which Plaintiffs gave SAFECO proper notice, causing SAFECO to be liable for the Claim.

30. Defendant SAFECO violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms SAFECO reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

   b. Failing to notify Plaintiffs in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

   c. Delaying payment of the Claim following SAFECO's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31. Defendant SAFECO is therefore liable to Plaintiffs for damages. In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.  Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32. Each of the foregoing paragraphs is incorporated by reference in the following.

33. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant SAFECO**

34. Defendant SAFECO engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after SAFECO's liability had become reasonably clear;

   c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

   e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant SAFECO and was a producing cause of Plaintiffs' damages. SAFECO is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**Defendant Narrell**

36. Defendant Narrell was a contractor and/or adjuster assigned by Defendant SAFECO to assist with adjusting the Claim. Defendant Narrell was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37. Defendant Narrell was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

38. Defendant Narrell conducted a substandard, results-oriented inspection of the Subject Property. As such, Narrell failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as required by the Policy and Texas law.

39. Further, Defendant Narrell misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses. Additionally, Narrell failed to provide Plaintiffs with a reasonable explanation as to why SAFECO was not compensating Plaintiffs for the covered losses, or the true value thereof.

40. Thus, Defendant Narrell engaged in unfair settlement practices by:

    a. misrepresenting to Plaintiffs a material fact or Policy provision relating to the coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after SAFECO's liability had become reasonably clear;

    c. failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for SAFECO's denial of a claim or offer of a compromise settlement of a claim; and/or

    d. failing to conduct a reasonable investigation of Plaintiffs' Claim.

41. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Narrell and was a producing cause of Plaintiffs' damages. Narrell is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

### D. DTPA (Against All Defendants)

42. Each of the foregoing paragraphs is incorporated by reference here fully.

43. At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   b. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

   c. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered into had the information been disclosed;

   d. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

   e. Generally engaging in unconscionable courses of action while handling the claim; and/or

  f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

46. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### E. Breach of Duty of Good Faith and Fair Dealing (Against SAFECO)

47. Defendant SAFECO breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when SAFECO knew or should have known liability was reasonably clear. SAFECO's conduct proximately caused Plaintiffs' damages.

48. Defendant SAFECO is therefore liable to Plaintiffs.

### F. Attorneys' Fees

49. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53. All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54. Plaintiffs demand a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55. Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

56. All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of Plaintiffs' intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiffs' written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiffs pray that citations be issued and, upon final hearing of the case, Plaintiffs recover all damages from and against Defendants that may reasonably be established by

a preponderance of the evidence, and Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*[signature]*

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFFS**